Good morning, I'm Dave Becht. This case breaks no new legal ground and can be decided by simple adherence to a uniform line of California precedent. Since at least 1962, California courts have uniformly held that the California Labor Code regulations and case law prohibit any deductions from wages unless the deductions are provided by statute and or unless the cost is caused by dishonesty or a willful or grossly negligent act of the American people. The court has not provided a statute that prohibits deductions from wages You're right. Before you sit down, I've enjoyed your comments so far, but there's a preliminary issue that isn't really identified very carefully in the briefs, and that has to do with our jurisdiction. The order that you appeal from is not a judgment. And if that's true, we have no power to decide this case. I assume you've given some thought to that, and if you have an easy answer, I would be – I would welcome it. But I must say initially that I don't see the jurisdiction of our court. The easy answer is if you look at the James case, the James case in which the partial summary judgment just like this was granted, the plaintiff dismissed voluntarily the remaining claims without prejudice, and the court said in order to deprive the jurisdiction, there has to be one of two things. There has to be evidence of manipulation of the appellate process, which there is no evidence of that, or there's got to be danger of piecemeal litigation that goes up and down. In this case, it's a stronger case than James because the remaining issues were resolved by settlement. There is no danger of repeated litigation. There is no other cause of action that's waiting in the wings for the outcome of this appeal. There is no manipulation here. We are simply appealing a – an adverse determination by the trial court. I've read the James case, and I must say I find it an interesting case because it's so inconsistent with others of our cases. But the particular order that you appeal from can't even be considered a judgment, let alone what you do with it. It's merely an interim order that the district court ruled on, and then subsequent to your appeal, the district court filed another order in which he doubted anything that was going on was jurisdiction, and I can appreciate his concern. Sure. And he cited the case dealing with an interlocutory order that they attempted to appeal. When you look at the cases dealing with partial summary judgments, that goes under the James rule of is there manipulation or is there a danger of piecemeal litigation, in which neither of those are present here. Your argument, your brief said, well, we all knew what we were doing here, but that smacks of the idea that somehow you can stipulate yourselves to jurisdiction, which is contrary to our law completely. Oh, and there is no secret plan – there is no secret stipulation here. There is no plan. In your brief, you said we all wanted to bring this up. The parties can't stipulate to jurisdiction. You've got to find jurisdiction, and you've appealed from an order which is not a final order. Regardless of what you're trying to do, if it's not a final order, you can't bring it up, unless you can come within our injunctions, and this isn't an injunction suit. At any rate, you're going to rely on James only. Well, and the case is cited by James, yes. Thank you, counsel. Good morning. Michael Weill for Bank of America. I will submit on the jurisdictional issue, unless the panel has any questions about that. Submit on the jurisdiction issue. What do you mean by that? Submit on the papers that I have and address the underlying sensitivity. Are you still taking the position that there's jurisdiction in this Court? We do not contend that there is jurisdiction in this Court, because this was subject to a settlement agreement under the Concha case. As we put in our briefs, that this case cannot be – that this Court does not have jurisdiction over it. Even the majority in the Concha case, with which I disagreed in dissent, would not find jurisdiction in this case. And I would agree that there is no jurisdiction in this case. You're still – you still have the jurisdiction issue in front of us. Yes, I do. And why is there not a final order when the district court clearly is done with the case and he's labeled something a judgment? He said the court shall close the file. What's left for the district court to do? For this Court here or for Judge Olsop to do or the district court? Well, the case sort of has to be someplace. So is it in the district court or is it here? Well, based on how it was resolved itself and the stipulation that it was entered into with dismissing certain claims without prejudice and certain claims with prejudice, based on my reading of Concha and some of the other case law, it appears that the jurisdiction – that this Court does not have jurisdiction over it. Okay. So does the district court have jurisdiction? Presumably it does. But then why did the court – why did the district court order the file closed? Clearly Judge Olsop thinks he's done with this case. He's right. Judge Olsop thinks he's done with this case. Okay. And did you think you were done with this case when you entered into two stipulations with the other side? I didn't. In the district court? A matter of law, I don't think this Court has jurisdiction. At the time they did it – I didn't answer my question. My question was, did you think that you had resolved this case in the district court when you entered into two stipulations with the other side? Yes. Okay. Your intention was to be done in the district court and bring the matter on the summary judgment claims to this Court. Correct. Okay. That was the intention at the time. So you've now crossed up the other side with your contentions about jurisdiction. Well, I – the problem is it's a jurisdictional issue. I can do – the parties can stipulate to what they want to stipulate, too. But if the court doesn't have jurisdiction, it doesn't have jurisdiction. Okay. What are we supposed to do with the judge's first order, which says joint stipulation, re-dismissal, and entry of judgment? What else is Judge Olsop supposed to do here to finish this up? Enter at judgment, I suppose. We've asked him to enter at judgment. You're just looking for the separate piece of paper. Yeah, to enter at judgment. There was no – there was no formal judgment to enter. The both parties asked for a judgment to be entered. The issue of jurisdiction, the parties can stipulate to what they want to, including, for example, to extend the day to remove a case from State court to Federal court. But that doesn't mean the Federal court has jurisdiction when the parties agree. When Judge Olsop says the court shall close the file and he says something like that, that's still not sufficient. We're still looking for one more piece of paper? That is what we were asking for at one point in this case, was looking for one more piece of paper. I understand that Judge Olsop dismissed the case upon settlement and didn't think there needed to be a judgment because his view is that it had been settled and there was a voluntary dismissal. But it's clear that Judge Olsop would be surprised if he saw this case come back, right? I think he would. All right. So he thinks he's done with this. Do you think he would, really? He says in his order here, he's somewhat concerned. But that's the order that occurred after the appeal was taken. The appeal was not taken from that order. The appeal specifically was taken from his order of March 2. Isn't that correct? Yes. And so that that is when everything stops. And then subsequently, Judge Olsop enters an order, but the appeal was not taken from that order. It was taken from the prior order. Correct. Okay. Addressing the underlying substance of the appeal, the bank's plan has six attributes, I think. If you took a look at the body of case law, it takes it outside of the cases that the plaintiff was cited and puts it within a lawful plan. One is that it was a commission plan, that it was unlike the Quillian case and like some of the cases that the plaintiff was citing. Two, it was subject to contract. We cited the Kells case and the Steinhebel case that says the parties may agree to the contract about commissions, and that is what controls how wages are paid. Three, there were not secret deductions from any wages earned by Mr. Marr. As the Rouse case discussed, the purpose of 221, of Section 221, was to prevent secret deductions or fraud on the employees. We do not have secret deductions here because how Mr. Marr's commission was going to be calculated was set forth in the commission plan itself. He had access to those documents. He had access to the calculator that was used in his region on how his commissions were going to be calculated. There was nothing secret about it. Four. Well, you confused me, and I didn't come here confused. I thought I understood where we were. If you are now making an argument, but if you firmly believe this Court has no jurisdiction, what do you think we must do? Well, I have two separate bases in my argument. One is jurisdiction, and one is the substantive issues of the – if the Court believes it has jurisdiction, then I've got to address the merits of the appeal. We won't believe we have jurisdiction unless we do. But as I understand it, the Court – there are certain – there are certain rulings that the Court made. Isn't that right? That the district court made, yes. Yes. And I assume those rulings will stand unless there's jurisdiction to appeal them. And I gather your position is what? My position, number one, is there's no jurisdiction to appeal. But if there are – is jurisdiction to appeal, if this Court believes that it has jurisdiction in this case, then I'm – Well, we won't believe it unless there's a basis for it. Right. And the – but if the Court can – believes that there is a basis for it, of jurisdiction in this case, then I'm addressing the substantive issues that underlie this appeal with respect to the commission plan. So there's a twofold argument that we've presented in our briefs and as I'm presenting today. And the second argument is dealing with the underlying commission plan. And one of the other attributes of the bank's commission plan that puts it outside of the cases that the plaintiff has cited and makes it a lawful plan, the fourth attribute, is that the calculation itself was tied to and attributed to the specific mortgage loan officer. So if Mr. Marr was not an insurer of the mistakes of other employees, unlike what employees were – were responsible for the mistakes of others, he's – Mr. Marr was not being punished – or the bank was not punishing all employees for the sins of few, as came out of one of the cases that was the concern. He was responsible for his mortgages. If he wanted to waive a fee in order to bring that mortgage in, that was what he was – that's what he did. If there was a rate lock failure that – in a mortgage that he was responsible for, then based on that rate lock failure, his commission was adjusted. He was not responsible for the adjustments made to his colleagues. That – number five, another attribute. He had control over the cost. The Division of Labor Standards Enforcement made this a point, and this – the administration that's responsible for enforcing the laws in California distinguished a plan in the letter that was cited to the court is that there was – in that situation, the mortgage loan officer had control over the cost. Mr. Marr had control over the cost, unlike the cases – the Nieman – the Kers case and these other cases where those employees did not have control over the cost because it was attributed to other employees. And five, it's not – the adjustments to Mr. Marr's commissions or the way it was calculated was not due to unforeseen circumstances. That was another purpose of Labor Code section 221, as discussed by the Rouse case, is to prevent unanticipated or undetermined deductions to the wages of wage earners who rely on those wages to pay for their daily or monthly expenses, and they have some sort of expected amount that they would bring in the door. That is not the situation with the bank's plan. It was not due to some unforeseen circumstances. In fact, it was foreseen circumstances that was in Mr. Marr's control. If he wanted to waive a fee, that's what he did. If he wanted to lower an interest rate and – with bank approval, that's what he did to bring it in. If his loan – there was a misquote on the rate, then he could see that coming because he was responsible for the quoting on the rate. If there was a rate lock failure, that was in his control. He was responsible for his mortgages. That's not in unforeseen circumstances. And with those six attributes that is – that are – that are specific to this plan puts it outside those cases cited by the plaintiff, and it is a lawful plan under California law. Back to the question of jurisdiction before your time expires. If we were to find that there's no jurisdiction here for us to hear the appeal, what do you say to Judge Olson? What do you say when Judge Olson says, what are you doing here? If we go back to Judge Olson, it would be to resolve what's outstanding in this. There was – I think what it is in the stipulation, there were certain things that were dismissed without prejudice, and those things need to be dismissed with prejudice in order for this Court to have a jurisdiction. And these were claims that were – it's a complicated procedural posture, but from my perspective, they were phantom claims that were never asserted in the original complaint to begin with. We moved for partial summary judgment. Both sides moved for partial summary judgment. Plaintiff contended that there were certain claims within the complaint that we said just weren't there, and Judge Olson agreed with the defense that the claims that the order, and so what was being partially carved out for appeal and what was being dismissed without prejudice were these phantom claims. It might as well be that they might as well have said that there's a claim for age discrimination in this complaint. It's just not there. But as far as the stipulation, in order to get this case resolved, we said, okay, if you – this claim is not there, and in the stipulation say we do not agree that this claim is there, but, okay, dismiss it without prejudice if that's what suits you, and so we can move forward with this case. But it's those phantom claims, I think, that have to be dismissed with prejudice for this case to – for this Court to have jurisdiction. Roberts. Thank you. I'm going to allow you one minute. And I'd like you to address sort of a similar question. If we were to find that there's not jurisdiction, what has to happen when you go back to Judge Alsop? I guess what would have to happen is we would go back to Judge Alsop, and he would create that one more piece of paper where he would say, again, judgment, and again, we would then bring it back up to here. And that would cause the piecemeal litigation that we're trying to avoid. If we were to decide that you did – that we did have jurisdiction to hear your appeal and we decided these claims against you, the – the Ralphs – the Ralphs claim and the unfair business practices claims, we decide – we were to affirm the district court's judgment on summary judgment on those two claims, is there anything left of this case? No, there is not. Okay. You don't have another lawsuit. You don't have other claims that are pending. The case would be over. Well, there is the ERISA claim that was dismissed without prejudice because it was not ripe. Okay. So that is totally a separate thing. And you would have to file a new lawsuit. Correct. Okay. So you have to start all over again. We will in any case. But this case would be over if we decide these claims against you. You are correct. Okay. Do you really read his order as saying that all he would do is put in another piece of paper if he had – he went along with the stipulation. That's clear from his order. But he quoted it – he says judgment. He says close the file. He said leave. He said close the file. That's what he said. And he believes he is done with this case. And he knows. So here we are. We're in limbo, essentially. No, you're not in limbo. You could have done it differently. He knew what Concha said. And he lets you go if you want to go. But he said he had no jurisdiction. I don't think you can read that in Judge Olson. He's a very smart judge. He knew exactly what you were trying to do and he lets you do it in case you could get by us up here. He knew that Concha, dealing with an interlocutory order, what that said. Now, what James said, and it distinguished cases like Concha that dealt with interlocutory orders. It did not distinguish Concha. It did not. It was not an in-bank case, even though the chief judge wrote it. And we have to be able to follow Concha. You are correct. He did not – it did not distinguish Concha. It did distinguish two other cases that dealt with interlocutory orders. It says that is a different situation than a partial summary judgment. Now, one other very brief point. The bank is arguing this case as if this is one of first impression. He gives six different things, all of which, all those factors that he has cited. The commission, which was the case in Care, Care's catering, was a commission case. It was subject to contract. That was the case in Care. Quillian, Ann Hutchins, all of them were written contracts. It was not a secret contract. I think we understood. I think we understood those points. Thank you very much. Thank you very much for your indulgence. All right. We thank both counsel for the arguments.
judges: Wallace, Farris, Bybee